MEDCOM HOLDING COMPANY,
Plaintiff–Appellant,

v.

BAXTER TRAVENOL LABORA-
TORIES, INC., and MEDTRAIN,
INC., Defendants–Appellees.

No. 01–1036.

United States Court of Appeals,
Seventh Circuit.

Submitted May 17, 2001.*

Decided May 21, 2001.

Before EASTERBROOK, MANION,
ROVNER, Circuit Judges.

### Order

Our most recent opinion in this long-running case remanded with instructions to recalculate the expenses and interest to which MHC is entitled. See *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 200 F.3d 518 (7th Cir.1999). The district court resolved all pending issues, except one, to the parties' satisfaction. The one remaining bone of contention is the rate of prejudgment interest. The district court chose 6%, compounded monthly, derived from the average rate that Baxter paid on its commercial paper during the period of this litigation. MHC believes that it is entitled to 11.2%, derived from the implicit rate on 15–year zero-coupon bonds that Baxter issued in 1984.

Our opinion instructed the district court to award prejudgment interest at the rate "Baxter paid to its voluntary creditors during the same period (or, if that amount is unknown and the parties do not agree on a different rate, then ... the prime rate)." 200 F.3d at 520. The period in question is 1987 to 2000, so a rate of interest prevailing in 1984, when Baxter sold its bonds, cannot be dispositive. (The rate for these

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

bonds also may have included a premium for risk related to the size of the issue: $250 million.) MHC replies that the rate for commercial paper also is problematic. Commercial paper is issued for short terms (nine months or less), and the rate of interest is lower than on longer term loans, because the risk of nonpayment over the short run is less.

MHC "loaned" money to Baxter for a period exceeding the maximum term of commercial paper. If MHC had attempted to demonstrate a market-based mechanism to adjust the rate to reflect the short term of commercial paper, it might have been able to persuade the district court. Instead MHC stood on its demand for 11.2% and did not present any expert evidence of the market rate of interest Baxter would have had to pay to borrow money early in the 1990s (say) for repayment in 2000. The district judge did not err in concluding that 6% was the more appropriate of the two choices it had been offered.

AFFIRMED.